# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 04-0098 |
| vs. | **ORDER** |
| TARTORIUS DERROCCO ALLEN, | |
| Defendant. | |

_____

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on September 15, 2005, at which the defendant was present and represented by Assistant Federal Public Defenders Casey Jones and Jane Kelly. The government was represented by Special Assistant United States Attorney Rebecca Goodgame Ebinger. The government's motion for detention is granted.

The defendant is charged in a November 2004 indictment with conspiracy to distribute five grams or more of crack cocaine. He is charged with aiding and abetting the distribution of 17 grams of crack cocaine on September 21, 2004, at the Time Check Recreational Center in Northwest Cedar Rapids. He is charged with the October 26, 2004, distribution of 6.5 grams of crack cocaine. On November 4, 2004, the defendant's residence was searched and buy money from sales of crack cocaine by his codefendants was found in his apartment.

The defendant was charged with felony drug possession in Wisconsin in September 1996. While on release he was arrested in December 1996 for bail jumping. He was convicted of both offenses in January 1998. His probation for both offenses was revoked in April 1999 when convicted of a manufacturing/delivery of cocaine charge arising out of an October 28, 1998, arrest.

Upon the return of an indictment, a warrant was issued for the defendant's arrest. His brother was arrested as was the other codefendant. The defendant's mother and girlfriend were informed of the warrant against the defendant but they provided no information that would assist police in executing the warrant. He told the probation office that he has lived with his mother for the past year.

Upon his arrest just days ago, the defendant was given his Miranda warnings which he waived. He first denied knowledge of the warrant outstanding for his arrest but later admitted that he knew about the warrant shortly after his brother was arrested last year. He then confessed to commission of the delivery of cocaine set forth in the indictment herein.

The defendant contends that he worked as a "caller" for a mortgage company from January through October 2004. Since then, he claims to have done only unverifiable odd jobs. The defendant has lived in the community for a couple of years and has fathered children by three separate relationships.

**CONCLUSIONS OF LAW**

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, both are not required. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. United States v. Orta, supra.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e). This rebuttable presumption arises only if the defendant is charged in at least one count subject to these penalties. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).

The rebuttable presumption of § 3142(e) creates a burden of production upon the defendant, not a burden of persuasion. The purpose of the rebuttable presumption is to shift the burden to the defendant to establish a basis for concluding that there are conditions of release sufficient to reasonably assure that the defendant will not engage in dangerous criminal activity pending trial. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985). Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of the presumption, the rebuttable presumption

of § 3142(e) is not such a "bursting bubble." United States v. Jessup, supra, at 383. Thus, in order to rebut the presumption, the defendant must produce some evidence; and the Magistrate Judge should still keep in mind the fact that Congress has found that certain drug offenders, as a general rule, pose special risks of flight. United States v. Jessup, supra, at 384. Although this court is unable to find any case from the Eighth Circuit Court of Appeals similarly construing the rebuttable presumption of § 3142(e), other circuits have adopted the rationale of Jessup. United States v. Martir, 782 F.2d 1141, 1144 (2d Cir. 1986); United States v. Diaz, 777 F.2d 1236, 1237 (7th Cir. 1985); United States v. Fortna, 769 F.2d 243, 251 (5th Cir. 1985); United States v. Hurtado, 779 F.2d 1467, 1470 (11th Cir. 1985); United States v. Alatisha, 768 F.2d 364, 371 (D.C. Cir. 1985).

In this case, the evidence against this defendant appears to be strong by reason of the controlled buys, the search warrant at his residence, and his recent confession. He faces very substantial penalties by reason of his previous felony drug convictions and the allegation that one of the deliveries of crack cocaine took place within 1,000 feet of a public recreation area. The defendant's awareness of the warrant outstanding for his arrest and his ability to elude the police since November of last year weigh particularly heavily in favor of his detention especially in light of his prior bond jumping conviction.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by a preponderance of the evidence that the release of the defendant would pose a serious risk of flight. The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1. That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

September 16, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT